

**SIGNED this 07th day of November, 2011.**

JOHN C. AKARD
UNITED STATES BANKRUPTCY JUDGE

---

# United States Bankruptcy Court

**Western District of Texas**
**San Antonio Division**

| *In re* | BANKR. CASE NO. |
|---|---|
| BIG TEX AC SAN ANTONIO, INC. | 11-52060 |
| *Debtor* | |
| JERREL L. JOHNSON<br>*Plaintiff,*<br>v.<br>BIG TEX AC SAN ANTONIO, INC.<br>*Defendant.* | ADV. NO. 11-05137 |

## MEMORANDUM OF OPINION ON MOTION TO DISMISS ADVERSARY PROCEEDING

Big Tex AC San Antonio, Inc. (the "Debtor") filed for a liquidation under Chapter 7 of the Bankruptcy Code on June 9, 2011 in the captioned Bankruptcy case. The Schedules filed with the petition did not list Jerrel L. Johnson ("Mr. Johnson") as a creditor, and the Statement of

Financial Affairs filed with the petition did not mention his civil suit against the Debtor and other parties then pending in the 408th Judicial District Court of Bexar County, Texas, Cause No. 2010-CI-17895 (the "State Court Suit"). Consequently, Mr. Johnson did not receive the Order Combined with Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, issued by the Clerk of this Court on June 10, 2011. That notice advised creditors not to file a proof of claim unless advised to do so. Also, Mr. Johnston did not receive the Order Fixing Last Date for Filing Proofs of Claim, Combined with Notice Thereof issued by the Clerk on June 29, 2011.

On June 12, 2011, the Debtor removed the State Court Suit to the United States District Court for the Western District of Texas, San Antonio Division where it was given No. SA-11-CA-480-OLG (the "Federal Suit"). Apparently the removal was because of the Debtor's Bankruptcy, and because Mr. Johnson had, in an amended complaint, added some federal causes of action. At the hearing described below, Mr. Johnson stated that the underlying basis of his suit concerns faulty repairs or construction with respect to his air conditioning system. He stated he is trying to hold the principals of the Debtor liable, as well as the Debtor, under a piercing of the corporate veil theory. There are indications that if Mr. Johnson is successful in his suit, the damages he receives from some of his complaints might be covered by insurance. He stated that the District Judge had stayed action in the Federal Suit because of the Debtor's Bankruptcy. The Bankruptcy court will relieve the automatic stay so that the Federal Suit may proceed to a conclusion.

Mr. Johnson attended the meeting of creditors in the Bankruptcy case held on July 14, 2011. Jose C. Rodriguez is the Trustee-in-Bankruptcy in the case (the "Chapter 7 Trustee" or the "Trustee").

On August 25, 2011, Mr. Johnson filed pro se the captioned Adversary Proceeding against the Debtor. The complaint says it is being filed for: "Violation of Automatic Stay, Misconduct of the Debtor/Defendant, Relief from Automatic Stay, Dischargeability Complaint and Stay of Proceedings, To Recover Gifted Property, and To Protect the Defendant/Debtor's Records.

The Debtor filed a motion to dismiss the adversary proceeding on the grounds that it did not state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6), which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012. A hearing on that motion was held on November 4, 2011. Mr. Johnson, representing himself, and the attorneys for the Debtor appeared. The court reviewed with Mr. Johnson his rather lengthy complaint, count by count. The court attempted to explain to Mr. Johnson why each count of his complaint either did or did not have substance. The court will review those counts by referring to the outline Mr. Johnson gave in the opening paragraph of his complaint, which is quoted above.

- Violation of the Automatic Stay Mr. Johnson complains that the Debtor violated the automatic stay in two respects: (1) not listing him as a creditor nor listing the State Court Suit in the original Schedules and Statement of Financial Affairs which were filed in this case, thus resulting in his not receiving proper notice of the Bankruptcy filing; and (2) in removing the State Court Suit to the federal court without receiving relief from the automatic stay from the Bankruptcy Court. The

automatic stay provided by § 362(a) of the Bankruptcy Code[1] prohibits numerous acts "against the debtor" or "against property of the debtor." The stay does not prohibit actions by the debtor, including removal of cases to the Bankruptcy Court or to the United States District Court. The failure of the Debtor to schedule a creditor is not a violation of the automatic stay, although in certain circumstances (which are not present here), it might have other implications.

- <u>Misconduct of the Defendant/Debtor</u>: Mr. Johnson complains that there was misconduct by the Debtor in three respects: (1) not listing him as a creditor nor listing the State Court Suit in the original Schedules and Statement of Financial Affairs; (2) not listing prior business names under which the Debtor had operated, in spite of a question on the Statement of Financial Affairs requiring the Debtor to do so; and (3) false and misleading statements made under oath by the Debtor's corporate representative at the meeting of creditors. In the press of preparing a Statement of Financial Affairs and Schedules, it is not uncommon for an item or creditors to be overlooked. Typically those matters are corrected by an amendment. Mr. Johnson was not injured by the omission because he heard of the Bankruptcy when the State Court Suit was removed to the federal court, he acknowledges that he was notified of the Bankruptcy on July 1, 2010, and he attended the meeting of creditors on July 14, 2010. With respect to the omission of the trade names and the statements at the meeting of creditors, Mr. Johnson reported those to the Chapter 7 Trustee. It is the duty of the Trustee to see if those omissions are intentional and actionable, and if so to appropriately prosecute them.

- <u>Relief from the Automatic Stay</u>: By separate order in the main case, the court will relieve the automatic stay to allow Mr. Johnson to proceed with the Federal Court Suit.

- <u>Dischargeability Complaint and Stay of Proceedings</u>: This court does not see any value to Mr. Johnson's request for a stay of proceedings. Mr. Johnson's dischargeability complaint is moot because the Debtor in this Chapter 7 case is a corporation and only individuals can receive a discharge in a Chapter 7 case §727(a)(1).

- <u>Recovery of Gifted Property</u>: Mr. Johnson states that shortly before Bankruptcy, the Debtor "gifted" its valuable book of business to a friend or relative of the principals of the Debtor. He has mentioned this to the Chapter 7 Trustee. It is the function of the Chapter 7 Trustee to determine if there are sufficient facts to warrant an action to set aside a transfer and to weigh the costs of taking such an action against the potential recoveries. It is the province of the Trustee to pursue such actions if they have potential benefit to the estate, but not to pursue such actions if the prospects for a benefit to the estate are slight. Certainly the Trustee

[1] The Bankruptcy Code is 11 USC §101 *et. seq.* References to sections are references to the Bankruptcy Code unless otherwise specified.

    should not pursue such actions out of spite or malice. In short, it is the Trustee, not individual creditors, who can bring such actions on behalf of the estate.

- Protect the Defendant/Debtor's Records: Debtors are required to maintain their records and the Chapter 7 Trustee sees that the Debtor does so.

During the hearing, the attorney for the Debtor commented that Mr. Johnson had not filed a claim in the Bankruptcy case and thus would not be able to participate in any distribution which is made by the Chapter 7 Trustee to the unsecured creditors. As noted above, Mr. Johnson did not receive notice that the last day to file claims was September 26, 2011. However, he must have been aware of the date because he commented that he read a case that said if a creditor filed a claim in the case, the creditor could not get relief from the automatic stay. He did not cite the case and the court is not familiar with any case coming to that conclusion. However, his reading of the case apparently suggested to him that he should not file a claim. This Adversary Proceeding was filed on August 25, 2011. Certainly the filing of this Adversary Proceeding gave notice to the Debtor, and by virtue of its being filed in the Bankruptcy Court records, to the Chapter 7 Trustee and other creditors, of Mr. Johnson's complaints. For this reason, the court will, by separate order in the main case, allow Mr. Johnson's complaint as an informal proof of claim with limitation and conditions. The court will grant Mr. Johnson 30 days to file an amended claim in which he must establish his actual cash damages as a result of the alleged improper work by the Debtor. He must do this by receipts and other evidence attached to the claim. It is anticipated that the Chapter 7 Trustee will be ready to close this case before the Federal Court Suit is finally resolved, so Mr. Johnson's claim in the Bankruptcy case will be limited to his actual cash damages. Any further damages awarded in the Federal Court Suit must be collected outside of the Bankruptcy case.

Because of the relief granted to Mr. Johnson, and the fact that his remaining complaints do not state a cause of action against the Debtor, this Adversary Proceeding will be dismissed by a separate order.

########